Case 4:23-cv-02336   Document 3   Filed on 07/25/23 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
July 25, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LATOSHA DIGGLES, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:23-cv-2336 |
| | § | |
| LINDSAY LAW FIRM PLLC, ET AL., | § | |
| *Defendants.* | § | |

## MEMORANDUM AND RECOMMENDATION

Plaintiff, proceeding *pro se* and *in forma pauperis*, brought this action on June 21, 2023, against her former attorneys, Defendants Lindsay Law Firm PLLC, Michael J. Lindsay, Barrett P. Lindsay, and John Pat Parsons (collectively, "Defendants").[1] ECF 1 at 4. Plaintiff alleges that she hired Defendants to represent her in connection with "all claims and causes of action Plaintiff have against 'all parties for water damage @ home . . . ,'" but that Defendants failed to adequately perform under the agreement, withdrew as counsel without her authorization, and overbilled her after their services had terminated. *Id.* at 4, 6. Plaintiff, who engaged in public protests concerning Defendants' alleged activities, also alleges that Defendants "violate[d] [her] First Amendment Rights to freedom of speech" by filing claims for slander and defamation against her in the 136th Judicial District Court of Jefferson County, Texas. *Id.* at 8.

The Court should dismiss this case *sua sponte* because Plaintiff was granted leave

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 2.

1

to file this case *in forma pauperis* pursuant to 28 U.S.C. § 1915. *See* Case No. 4:23-MC-00977. When a Plaintiff proceeds under Section 1915, the court "***shall dismiss the case at any time*** if the court determines" that the case is frivolous or malicious or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) (emphasis added); *Provino v. Suisse*, No. 1:21-CV-143, 2021 WL 3751163, at *2 (E.D. Tex. July 28, 2021) (recommending sua sponte dismissal under 28 U.S.C. § 1915(e)(2) because "Plaintiff's claims are improbable, attenuated, unsubstantial, frivolous, and devoid of merit.").

Title 42 U.S.C. § 1983 authorizes claimants to bring a civil action for the deprivation of constitutional rights. Generally, however, "constitutional guarantees of individual liberty and equal protection do not apply to the actions of private entities." *Edmonson v. Leesville Concrete Co., Inc.*, 500 U.S. 614, 619 (1991). Thus, a litigant claiming a violation of constitutional rights must first establish that the conduct he challenges constituted "state action." *See Blum v. Yaretsky*, 457 U.S. 991, 1002-05 (1982). Though Plaintiff alleges that Defendants' actions "violate[] [her] First Amendment Rights to freedom of speech," Plaintiff makes no allegation that any Defendant named in this case was acting on behalf of a governmental entity. Accordingly, to the extent she attempts to assert a claim based on the violation of her First Amendment rights, Plaintiff fails to state a claim under 42 U.S.C. § 1983, and the claim should be dismissed with prejudice.

In addition to the constitutional claim, Plaintiff's Complaint contains references to "fraud," "misrepresentation," "extortion," and a "purported contract." ECF 1 at 4. While the form Complaint attempts to invoke the Court's diversity jurisdiction (*id.* at 1), the Court lacks subject matter jurisdiction over these state law claims. The Court may exercise its

diversity jurisdiction over state law claims "where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different states." 28 U.S.C. § 1332(a). Here, no diversity jurisdiction exists because Plaintiff and Defendants are all citizens of Texas (*id.* at 1-2, 9).

The Court is authorized to exercise jurisdiction over claims that are related to claims in the action over which the Court had original jurisdiction. 28 U.S.C. § 1376(a). The Court may decline to exercise this supplemental jurisdiction, however, where it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Here, the Court only had original jurisdiction over Plaintiff's claim for violation of her First Amendment rights. *See* 28 U.S.C. § 1331(a) ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). The Court has recommended that the claim be dismissed, and should decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims at this early stage in the litigation.

For these reasons, the Court RECOMMENDS, *sua sponte*, that Plaintiff's Complaint be dismissed in its entirety, as follows:

- To the extent that Plaintiff attempts to assert a claim for a constitutional violation, the claim should be DISMISSED WITH PREJUDICE for failure to state a claim.
- To the extent that Plaintiff asserts claims under state law, the claims should be DISMISSED for lack of subject matter jurisdiction. The dismissal should be without prejudice to refiling in a forum of competent jurisdiction. *Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021).

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on July 25, 2023, at Houston, Texas.

                                                            Christina A. Bryan
                                                        United States Magistrate Judge